IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Patrick Guess, # 253980,  )<br>  )<br>         Plaintiff,  )<br>  )<br>vs.  )<br>  )<br>Cecilia Reynolds, Warden of Kershaw  )<br>Correctional Institution; Timothy Riley,  )<br>Warden Tyger River Institution; Jon  )<br>Ozmint, Agency Director; Captain  )<br>Jerry G. Alexander; Ms. Middlebrook,  )<br>Administrator Tyger River CI; Gary  )<br>Lane, Asst. Warden; Laura Caldwell;  )<br>Ms. D. Manness; and all involved parties  )<br>in their individual capacities,  )<br>  )<br>         Defendants.  )<br>_____)  | Civil Action No.: 9:10-cv-1161-TLW-BM |

## ORDER

The plaintiff, Patrick Guess ("plaintiff"), brought this civil action, pro se, pursuant to 42 U.S.C. § 1983 on May 7, 2010. (Doc. #1). The defendants filed a motion for summary judgment on November 1, 2010. (Doc. # 23). An Order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was filed on November 2, 2010, giving the plaintiff until December 6, 2010, to file a response to the motion for summary judgment. (Doc. # 24). On January 25, 2011, the plaintiff was given an extension of time until February 11, 2011, to file a response to the motion. (Entry # 34). The plaintiff did not submit a response to the motion but did submit a letter on February 14, 2011, in which he claimed he could not submit his response because the prison was not providing adequate envelopes and paper to do so. (Doc. # 38). The record reflects the Magistrate Judge was provided

1

correspondence, which showed the plaintiff received sufficient paper and envelopes. (Docs. 39, 42). To date, the plaintiff has not submitted a response in opposition to the motion for summary judgment.

This matter now comes before this Court for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Bristow Marchant to whom this case had previously been assigned. (Doc. # 43). In the Report, the Magistrate Judge recommends that the District Court grant the defendants' motion for summary judgment (Doc. # 23) and dismiss this case. (Doc. # 43). The plaintiff filed objections to the Report. (Doc. # 48). In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in Wallace, the Court has reviewed, de novo, the Report and the objections. After careful review of the Report and objections thereto, the Court **ACCEPTS** the

2

Report. (Doc. # 43). Therefore, for the reasons articulated by the Magistrate Judge, the defendants' motion for summary judgment (Doc. # 23) is **GRANTED**, and this case is **DISMISSED**.[1]

---

[1] Based on the doctrine of res judicata, the Magistrate Judge recommends dismissal of the plaintiff's claims regarding his placement in a special management unit under the South Carolina Department of Corrections' Prison Rape Elimination Act policy. (Doc. # 43). The Court notes that dismissal of these claims is also appropriate under the doctrine of collateral estoppel, which "forecloses the relitigation of issues of fact or law that are identical to issues which have been actually determined and necessarily decided in prior litigation in which the party against whom [collateral estoppel] is asserted had a full and fair opportunity to litigate." In re Microsoft Corp. Antitrust Litigation, 355 F.3d 322, 326 (4th Cir. 2004) (internal quotation marks and citation omitted) (alteration in original). For collateral estoppel to apply to an issue or fact, it must be demonstrated that "(1) the issue or fact is identical to the one previously litigated; (2) the issue or fact was actually resolved in the prior proceeding; (3) the issue or fact was critical and necessary to the judgment in the prior proceeding; (4) the judgment in the prior proceeding is final and valid; and (5) the party to be foreclosed by the prior resolution of the issue or fact had a full and fair opportunity to litigate the issue or fact in the prior proceeding." Id. The Court finds that these requirements are met here. Additionally, to the extent the plaintiff alleges he is not receiving meaningful reviews of his classification status, the defendants provide evidence demonstrating the plaintiff's status is reviewed on a monthly basis. See Lane Aff. & Lane Aff., Exhibit A (Doc. # 23, attachs. 6, 7).

After the Magistrate Judge issued the Report and Recommendation, the plaintiff filed on April 29, 2011, a motion to amend to add defendants, to conduct physical evidence and affidavits, and for an injunction and court intervention. (Doc. # 49). The plaintiff asserts the defendants he seeks to add are liable because he is forced to shave with a razor which causes "pain, pus filled, bloody bumps, sores, and scars" to his face and neck. A claim related to these facts is not asserted in the complaint (Doc. # 1). Although the plaintiff mentions these facts in a reply to the defendants answer to his complaint that was submitted nearly four months after the defendants filed their answer (Doc. # 26), he has not previously moved to amend the complaint to add claims relating to these facts. Under Federal Rule of Civil Procedure 15(a), leave to amend a pleading should be freely given "when justice so requires." Thus, "[l]eave to amend should be denied . . . only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." Nolte v. Capital One Fin. Corp., 390 F.3d 311, 317 (4th Cir. 2004) (internal quotation marks and citation omitted). The plaintiff filed his motion to amend (Doc. # 49) over seven weeks after the Report and Recommendation (Doc. # 43) was issued and nearly six months after the defendants filed their motion for summary judgment (Doc. # 23). Allowing the plaintiff to amend the complaint to add more defendants and claims would likely result in the defendants having to expend significant amounts of time and money addressing the new claims. As a result, this Court finds that allowing the plaintiff to amend his pleading at this late stage of the case would be unduly prejudicial to the defendants. Furthermore, in light of this Court's decision to grant summary judgment to the defendants and dismiss this case, the Court denies the plaintiff's request to "conduct physical evidence and affidavits" and his request for an injunction and court intervention (Doc. # 49). Therefore, the plaintiff's motion to amend to add defendants, to conduct physical

    **IT IS SO ORDERED**.

                                                                                       s/Terry L. Wooten  
                                                                  United States District Judge

August 5, 2011  
Florence, South Carolina

---

evidence and affidavits, and for an injunction and court intervention (Doc. # 49) is **DENIED**.